IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BENTON HOUSING ASSOCIATES LIMITED
PARTNERSHIP                                                                                       PLAINTIFF

V.                                              4:24CV00679 JM

CITY OF BENTON, ARKANSAS;
CITY OF BRYANT, ARKANSAS; SALINE
COUNTY, ARKANSAS; and JOHN DOES 1-10                              DEFENDANTS

## ORDER

Pending is Separate Defendant Saline County's motion to dismiss. (Docket # 13). Plaintiff has filed a response and the motion is ripe for consideration.

Plaintiff, Benton Housing Associates Limited Partnership ("Benton Housing") has asserted a takings claim pursuant to 42 U.S.C. §1983 as well as claims for strict liability and nuisance. Benton Housing owns and manages a multi-family apartment complex at 6101 Alcoa Road in Benton, Arkansas, commonly known as the Revive Benton Apartments (formally known as the Chapel Ridge Apartments). Benton Housing claims that the apartments have been flooded on at least seven separate occasions by heavy rainfall, most recently on April 4 and 5, 2025 as a result of Defendants' failure to properly plan for development and infrastructure in and around Alcoa Road, including the neglect and approval of certain developments and a street-widening project by the City of Benton. Further, Plaintiff alleges that engineering analyses have revealed that a significant contributing factor to the flooding is the condition and capacity of the downstream drainage facility, or lack of such facilities that fall within the jurisdiction of the City of Bryant.

The City of Bryant asks the Court to dismiss the complaint. Specifically, the City of Bryant claims that the County Court has the exclusive jurisdiction in this case as to matters

related to county taxes and roads; the claims are barred by the statute of limitations, and Plaintiff fails to state a plausible takings claim.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Discussion

First, Saline County argues that the Arkansas Constitution, Article 7, Section 28 divests the Court of jurisdiction because it confers on county courts the exclusive jurisdiction to decide matters involving county roads.  However, the subject matter jurisdiction of federal courts is a matter of federal law.  Further, the United States Supreme Court made clear in *Knick v. Township of Scott*, 588 U.S. 180 (2019) that "a government violates the Takings Clause when it takes property without compensation . . . a property owner may bring a Fifth Amendment claim under §1983 at that time." *Id*. at 202.  "[B]ecause the violation is complete at the time of the taking, pursuit of a remedy in federal court need not await any subsequent state action*." Id. DeVillier v. Texas*, 601 U.S.285 (2024) which addressed a cause of action arising directly under the Takings Clause did not limit or modify the prior holding in *Knick.*

Next, Saline County argues that the Plaintiff's cause of action is barred by the statute of limitations.  "In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face." *Hutcherson v. Rutledge*, 2017 Ark. 359, 2, 533 S.W.3d 77, 79 (2017) citing, *Dunlap v. McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984). Based on the facts alleged in Plaintiff's complaint it is not obvious that the statute of limitations has run.  Plaintiff alleges that a significant contributing factor to the flooding is the condition and capacity of the downstream drainage facility that fall within the jurisdiction of the City of Bryant or the County.  Further, Plaintiff's claim that the City of Bryant or the County failed to properly grade, maintain or improve the drainage facilities near and below the Shady Trail Road which creates a tailwater effect, causing water runoff to back up on to Plaintiff's property. Based on these facts, the Court cannot find that Plaintiff's complaint against the City of Bryant is barred on the face of the complaint. The Court finds that Plaintiff has submitted a plausible takings claim.

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 13) is DENIED.

IT IS SO ORDERED this 24th day of June, 2025.

                                            _____
                                            James M. Moody Jr.
                                            United States District Judge