# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

BENTON HOUSING ASSOCIATES
LIMITED PARTNERSHIP                                                    PLAINTIFF

V.                                    4:24CV00679 JM

CITY OF BENTON, ARKANSAS;
CITY OF BRYANT, ARKANSAS;
SALINE COUNTY, ARKANSAS; and
JOHN DOES 1-10                                                        DEFENDANTS

## ORDER

Pending is the Plaintiff's Motion for Preliminary Injunction. (Docket #32). A hearing was held before the Court on July 14, 2025 after which the parties submitted post-hearing briefs on the availability of injunctive relief in this case. On August 9, 2024, Plaintiff Benton Housing Associates Limited Partnership ("Plaintiff"), filed suit against the cities of Benton and Bryant along with Saline County, alleging that various actions by the Defendants have caused flooding to certain apartment buildings it owns. Plaintiff requests preliminary and mandatory injunctive relief compelling the Defendants to take immediate action to prevent and rectify the flooding of Plaintiff's property and to abate the related damage. Plaintiff seeks injunctive relief to protect the health and safety of the employees and residents of the apartment complex at issue from future flooding.

1

Plaintiff asks that each Defendant be ordered to undertake, at their expense, their proportionate share of remedial steps to prevent the ongoing flooding issues that have occurred and that will continue to occur in the future.  Plaintiff includes causes of action pursuant to 42 U.S.C §1983 and state law for:  Inverse Condemnation and Unconstitutional Taking; Violation of Due Process; Strict Liability and Nuisance.

Equitable relief is not available in federal takings cases. See, e.g., *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 201 (2019) ("[B]ecause the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally unavailable.)  "As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking.") *Id*., see also *Knellinger v. Young*, 134 F.4th 1034, 1045 (10th Cir. 2025) (because plaintiffs may "pursue a suit for compensation under § 1983, they have an adequate remedy at law, and equitable relief is…unavailable.").  Here, just compensation remedies are available through federal and state law.

Relying on *Pharmaceutical Rsch. and Manufacturers of Am. v. Williams*, 64 F.4th 932 (8th Cir. 2023) Plaintiff argues that injunctive relief is available when the harm is "ongoing." *Id*. at 950.  The Court finds this case distinguishable.  Here

Plaintiff is suing over approximately seven flooding events that occurred over a nine-year period.  In *Pharmaceutical Rsch.* the plaintiffs were seeking an injunction against repetitive future takings under Minnesota law.  The takings in this case are not of the repeated and continuous nature of unconstitutional takings which would render just compensation inadequate.  !

For these reasons, Plaintiffs' Motion for a Preliminary Injunction is DENIED.  The Court will enter a final scheduling order setting this matter for trial.

IT IS SO ORDERED this 19th day of February, 2026.

_____
James M. Moody Jr.
United States District Judge